UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Michael Melendez,

           Plaintiff,

–v–

City of New York, et al.,

           Defendant.

12-cv-9241 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

    Plaintiff Michael Melendez, proceeding *pro se*, brings this Section 1983 action against the City of New York, County of Bronx, County of New York, and New York City Department of Probation officers Edith Rubin, and Vincent Schiraldi (collectively, "Municipal Defendants"), and the State of New York and eleven state officers. With respect to the Municipal Defendants, Plaintiff alleges that his due process rights were violated by the creation of an inaccurate Pre-Sentence Investigation Report, which was relied upon by his sentencing court and parole board. Plaintiff seeks declaratory and injunctive relief, and compensatory and punitive damages. Before the Court is the Municipal Defendants' motion to dismiss for lack of subject-matter jurisdiction and failure to state a claim, which is unopposed. Dkt. No. 35. For the reasons that follow, the motion is granted.

**I.    Background**

    The following facts are taken from the Amended Complaint (Am. Compl.) and assumed to be true for purposes of deciding this motion. In addition, the Court considers certain judicially noticeable documents for the limited purpose of "determin[ing] *what* [they] state," without

1

accepting the truth of those statements. *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (citing *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991)) (emphasis in original).

Plaintiff Michael Melendez was convicted of second degree murder and second degree criminal possession of a weapon on November 13, 1991, following a jury trial held before the New York State Supreme Court in Bronx County. Am. Compl. ¶ 22. After the verdict was rendered, the trial court directed the New York City Department of Probation ("DOP") to prepare a Pre-Sentence Investigation Report ("PSIR"). *Id.* ¶ 27. The PSIR that was subsequently prepared by DOP probation officer Sharon Dixon contained a number of inaccuracies, including that: (1) the conviction was the result of a plea, when in fact it followed a jury trial; (2) the victim's body was present at the scene of the crime when officers arrived, when the evidence at trial showed that Plaintiff had driven the victim to the hospital; (3) the victim had been shot in the back, when the evidence at trial showed that he had been shot in a face-to-face confrontation; and (4) there had been three shots fired, when the evidence at trial showed that only two shots had been fired. *See id.* ¶¶ 28, 24-26.

Jeffrey Pogrow, who had been appointed to represent Plaintiff, reviewed the PSIR prior to sentencing and did not challenge its accuracy. Am. Compl. ¶ 30. Plaintiff did not receive a copy of the PSIR himself, and therefore did not have the opportunity to challenge its contents at the time. *Id.* Following review by DOP officers, Defendant Edith Rubin submitted the PSIR to the New York State Department of Corrections and Community Supervision ("DOCCS") and the Board of Parole to be placed in Plaintiff's files. *Id.* ¶ 28. Plaintiff was subsequently sentenced to concurrent indeterminate terms of imprisonment of 25 years-to-life and 7 ½ to 15 years, *id.*, which he is currently serving at the Woodbourne Correctional Facility in Sullivan County, New York, a facility operated by the DOCCS. *Id.* ¶¶ 3, 22.

Plaintiff received a copy of his PSIR for the first time in November 2007, and obtained copies of the transcripts from his trial in November 2010. Am. Compl. ¶ 31. On December 31, 2010, he wrote letters to DOP personnel, including Defendants Schiraldi and Rubin, requesting that the PSIR be corrected. *Id.* ¶ 32. After receiving a January 20, 2011, letter from DOP counsel Donna Dodds stating that DOP could not amend the PSIR, Plaintiff requested that an addendum containing the correct information be added to the report. *Id.* ¶¶ 32-33. This request too was rebuffed. *Id.* ¶ 33. Plaintiff also brought an Article 78 Petition in the Bronx County Supreme Court requesting the correction of the inaccuracies in his PSIR, which was denied as untimely on October 4, 2011. *See* Def. Mem., Ex. A.

This action was commenced on December 17, 2012, more than five years after Plaintiff first received a copy of the PSIR. *See* Dkt. No. 1. In his Amended Complaint, Plaintiff alleges that the Municipal Defendants violated his "constitutional right to have accurate reliable, unambiguous, and complete information in his prison files" by creating the inaccurate PSIR, which was relied on during his sentencing in 1991, and his December 6, 2011, and September 24, 2013, hearings before the parole board. Am. Compl. ¶¶ 65-74. On December 19, 2013, the Municipal Defendants moved to dismiss. *See* Dkt. Nos. 35, 36.

II.    **Legal Standard**

"To survive a motion to dismiss [under Rule 12(b)(6)], the plaintiff's pleading must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In this context, a claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When determining whether the pleadings meet this standard, a court

3

must accept as true all well-pleaded facts and "draw all reasonable inferences in favor of the plaintiff." *Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 237 (2d Cir. 2007). However, this presumption of truth is not extended to legal conclusions in the complaint that are merely "couched as [] factual allegation[s]." *Papasan v. Allain*, 478 U.S. 265, 268 (1986) (cited in *Twombly*, 550 U.S. at 555).

When applying this standard to a complaint filed by a *pro se* litigant, the Court must construe the complaint "liberally with 'special solicitude' and interpret[] [it] to raise the strongest claims that it suggests." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)). Nevertheless, a *pro se* litigant's complaint must "state a plausible claim for relief" in order to survive a motion to dismiss. *Id.* (citing *Harris v. Mills*, 572 F.3d 66, 73 (2d Cir. 2009)).

The Court further notes that Plaintiff's failure to oppose Defendants' motion does not itself justify dismissal of his complaint. *See Calhoun v. Umeasor*, No. 12-cv-7238 (AJN), 2014 WL 1229592, at *3 (S.D.N.Y. March 21, 2014) (citing *Haas v. Commerce Bank*, 497 F. Supp. 2d 563, 564 (S.D.N.Y. 2007)). Rather, the Court must apply the legal standard set forth above in order to determine the sufficiency of the complaint as a matter of law, "based on its own reading of the pleading and knowledge of the law." *McCall v. Pataki*, 232 F.3d 321, 322-23 (2d Cir. 2000). If this analysis leads the Court to conclude that the complaint is adequate, the motion to dismiss must be denied, notwithstanding the absence of any opposition. *See id.* at 323.

### III. Discussion

#### A. Statute of Limitations

The Court first addresses the Municipal Defendants' argument that Plaintiff's claims against them are time-barred. *See* Def. Mem. 8. The statute of limitations governing claims

brought under Section 1983 is "that which the State provides for personal-injury torts." *Wallace v. Kato*, 549 U.S. 384, 387 (2007) (citing *Owens v. Okure*, 488 U.S. 235, 249-50 (1989); *Wilson v. Garcia*, 471 U.S. 261, 279-80 (1985)). In New York, the applicable statute of limitations is accordingly three years and begins to run "when the plaintiff knows or has reason to know of the harm." *Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009) (quoting *Eagleston v. Guido*, 41 F.3d 865, 871 (2d Cir. 1994)); *see, e.g., Duffy v. Evans*, No. 11-cv-7605 (JMF), 2012 WL 4327605, at *5 (S.D.N.Y. Sept. 19, 2012) (applying three-year personal-injury statute of limitations to Section 1983 claim for false information in parole file).

Assuming the allegations in the Amended Complaint to be true and drawing all reasonable inferences in favor of the Plaintiff, the Court finds that any due process claim arising the creation of the PSIR accrued in November 2007, more than five years before the instant action was filed. *Cf. Duffy*, 2012 WL 4327605, at *5 (finding that claim arising from allegedly false victim impact statements accrued when the plaintiff first received the victim impact statements). As set forth in the Amended Complaint, Plaintiff received a copy of the PSIR in November 2007, and he knew at that time that the document had been relied upon during his sentencing. *See* Am. Compl. ¶ 31. Furthermore, Plaintiff knew or should have known that the PSIR was inaccurate at the time he received it, as each of the alleged inaccuracies concerns a matter reasonably expected to be within his personal knowledge. For example, Plaintiff objects that the PSIR inaccurately indicated that his conviction was the result of a guilty plea, *see* Am. Compl. ¶ 28, when in fact he was convicted after a jury trial, *see id.* ¶ 22. The only reasonable inference is that Plaintiff knew or should have known that he had been convicted after a trial in November 2007—and therefore knew or should have known that the PSIR was inaccurate in that respect when he first received it. The same is true of the other alleged inaccuracies, which

5

concern Plaintiff's own criminal history; the evidence set forth during his criminal trial, for which he was present; and the events surrounding the underlying crime, in which he was a participant and a witness. *See* Am. Compl. ¶ 28, 22-26. Thus, Plaintiff "ha[d] reason to know" that the PSIR was inaccurate when he received it, and his cause of action accrued at that time. *Shomo*, 579 F.3d at 181.

In this regard, the Court finds wholly unpersuasive Plaintiff suggestion that the cause of action accrued only in November 2010, when Plaintiff received the transcripts from his criminal trial. *See* Am. Compl. ¶ 31. It is simply implausible that Plaintiff required those documents in order to reasonably know that he had been a defendant in that trial. It is likewise implausible that Plaintiff required the trial transcript in order to know that he had taken the victim's body to the hospital, that he had shot the victim only twice, or that he had shot the victim in a face-to-face confrontation. *See* Am. Compl. ¶¶ 24-26, 28. Thus, the Court finds that the claims against the Municipal Defendants are time-barred.

In reaching this conclusion, the Court emphasizes that it addresses only the timeliness of the claims related to the Municipal Defendants' conduct, which was limited to creating the allegedly inaccurate PSIR. *Cf. Duffy*, 2012 WL 4327605, at *5 (indicating that cause of action related to the *use* of inaccurate information in a parole hearing accrued "each time [the plaintiff] was denied parole"). To the extent that Plaintiff challenges the *use* of that PSIR by the parole board in the December 6, 2011, and September 24, 2013, hearings, the Court construes those claims to be against the relevant state defendants only, and not the Municipal Defendants who have brought the instant motion. *See Hili v. Sciarrotta*, 140 F.3d 210 (2d Cir. 1998) (dismissing § 1983 claim based on use of inaccurate PSIR in parole hearing that was brought against municipal officers who had prepared the document but were not actually involved in the parole

6

proceedings). As the Second Circuit has recognized, the "use" of allegedly inaccurate PSIRs in parole hearings is undertaken "by the State's parole board and department of correction," and not the municipal officers charged with drafting those documents. *Id.*

## IV. Conclusion

For the foregoing reasons, the Municipal Defendants' motion to dismiss is granted because Plaintiff's claims against them are untimely. The Court does not reach the Municipal Defendants' other arguments in favor of dismissal.

SO ORDERED.

This resolves Docket Number 35.

Dated: September 5, 2014
New York, New York

_____
ALISON J. NATHAN
United States District Judge