UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Michael Melendez,

                    Plaintiff,

            —v—

City of New York, et al.,

                    Defendants.

---

12-cv-9241 (AJN)

MEMORANDUM &
ORDER

ALISON J. NATHAN, District Judge:

Plaintiff Michael Melendez seeks declaratory, injunctive, compensatory, and punitive relief for damages caused by the filing of an allegedly fraudulent pre-sentencing report in relation to his 1991 conviction for second degree murder and second degree criminal possession of a weapon. The Court now moves, *sua sponte*, to dismiss this action, with prejudice, for failure to serve the Defendants pursuant to Federal Rule of Civil Procedure 4(m) and for failure to prosecute under Federal Rule of Civil Procedure 41(b).

## I.   PLAINTIFF HAS FAILED TO SERVE THE DEFENDANTS WITHIN 120 DAYS

On November 20, 2013, Plaintiff filed an amended complaint adding the County of Albany, the State of New York, and a large number of individual state employees as defendants (collectively the "State Defendants") in this action. *See* Dkt. No. 30.

Federal Rule of Civil Procedure 4(m) states if a defendant is "not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

Plaintiff has unmistakably failed to comply with this requirement. Despite the amended complaint being filed over a year ago, the additional State Defendants have not yet been served. Rule 4(m) plainly states that in such instances a court may, on its own motion, dismiss the complaint without prejudice so long as it has first given notice to the plaintiff. *See Thompson v. Maldonado*, 309 F.3d 107, 110 (2d Cir. 2002) (vacating dismissal pursuant to Rule 4(m) where the plaintiff was not given notice). The Plaintiff here has been ordered to serve the State Defendants on multiple occasions, and similarly has been repeatedly warned that failure to do so would result in dismissal. *See* Dkt. Nos. 48, 49. Accordingly, Plaintiff's case against the State Defendants first named in the amended complaint is dismissed.

## II.     PLAINTIFF HAS FAILED TO PROSECUTE HIS CASE

### a.     Background

Plaintiff, proceeding *pro se* and *in forma pauperis*, first filed this action on December 17, 2012 against the City of New York, the New York City Department of Probation, and a large number of individual defendants (collectively the "City Defendants"). *See* Dkt. No. 2. On October 21, 2013, the City Defendants filed a motion to dismiss the complaint for, *inter alia*, being untimely and barred by various forms of immunity. *See* Dkt. No. 21. In response to this, Plaintiff filed an amended complaint, adding the State Defendants, on November 20, 2013. *See* Dkt. No. 30. This was the last time Plaintiff took any action in this case.

On December 19, 2013, the City Defendants filed a motion to dismiss the amended complaint. *See* Dkt. No. 35. Despite being granted an extended period to file an opposition, *see* Dkt. No. 40, Plaintiff never responded to this motion, which was ultimately granted on September 5, 2014, thus removing the City Defendants from the case. *See* Dkt. No. 47.

On September 9, 2014, the Court issued an order pursuant to 28 U.S.C § 1915(a), dismissing the Plaintiff's claim against the State of New York due to its immunity under the Eleventh Amendment and ordering the Plaintiff to effect service on the remaining State Defendants, warning that failure to do so would result in dismissal for failure to prosecute. *See* Dkt. No. 48. After failing to respond to this order, the Court issued another order to the Plaintiff on November 3, 2014, instructing him to provide service to the outstanding State Defendants in the case by November 28, 2014. *See* Dkt. No. 49. Again he was reminded that failure to comply would result in dismissal for failure to prosecute. *Id.*[1]

### b.      Legal Standard

Federal Rule of Civil Procedure 41(b) provides that if a plaintiff "fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it" and that such a dismissal shall operate as an adjudication on the merits unless the Court states otherwise.[2] Courts considering whether to grant a motion to dismiss for failure to prosecute have considered five factors:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) . . . the efficacy of lesser sanctions.

---

[1] The Court speculates that the Plaintiff's twelve and a half-month absence from the case is explained by the fact that he was probably released from prison in January 2014. *See* Dkt. No. 42. Despite several orders to do so, *see* Dkt. Nos. 44, 48, 49, Plaintiff never updated his address with the Court or sought to re-involve himself in the case. The Court attempted reaching the Plaintiff at an address in the Bronx provided by the Woodbourne Correctional Facility, but all mail forwarded to this address was returned.

[2] Although the State Defendants have not been served and therefore have not moved for dismissal under Rule 41(b), "it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

*Ruzsa v. Rubenstein & Sendy Attys. at Law*, 520 F.3d 176, 177 (2d Cir. 2008). Dismissal is a harsh remedy appropriate only in extreme cases and courts are "especially hesitant" to dismiss claims by *pro se* litigants on this basis. *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). The Second Circuit has recently counseled that, in light of the harsh nature of this remedy, District Courts must be sure to "disclose [the] deliberative path" taken in concluding that dismissal is warranted under Rule 41(b). *See Baptiste v. Sommers*, 768 F.3d 212, 217 (2d Cir. 2014). Nevertheless, in appropriate circumstances courts have dismissed such claims for failure to prosecute. *See, e.g.*, *Ruzsa*, 520 F.3d at 177-78; *Lehman v. Garfinkle*, No. 08-cv-9385, 2013 U.S. Dist. LEXIS 149016, at *5 (S.D.N.Y. Oct. 16, 2013); *Lynch v. Downs*, No. 07-cv-134, 2009 U.S. Dist. LEXIS 31944, at *6-13 (W.D.N.Y. Apr. 15, 2009).

  **c. Analysis**

  The Court now turns to each of the five factors applicable in this case. As to the delay caused by Plaintiffs' failure to prosecute, it has been over a year since the Plaintiff amended his complaint to include the State Defendants. The case against the State Defendants has not proceeded at all during that period of time due to the Plaintiff's failure to attempt service in spite of an extended opportunity to do so. *See* Dkt. No. 49. Moreover, the Plaintiff's failure to oppose the City Defendants' December 2013 motion to dismiss resulted in significant delay adjudicating that motion. As with his claims against the State Defendants, the Plaintiff was afforded an extended opportunity to respond to the City Defendants' motion. *See* Dkt. No. 40. Over the past year, the Plaintiff has failed to respond to four different orders from the Court, including the reminder order regarding the City Defendants' motion to dismiss, *id.*, the request to provide the Court with an updated address, *see* Dkt. No. 44, the first order requiring Plaintiff to serve the

State Defendants, *see* Dkt. No. 48, and the second reminder order to serve the State Defendants. *See* Dkt. No. 49.

The second factor also points in favor of dismissal. The Court's November 3, 2014 order explained that a failure to serve the remaining State Defendants would require the Court to deem the complaint withdrawn, resulting in dismissal of the case. *See* Dkt. No. 49. *See also Ruzsa*, 520 F.3d at 177; *Lehman*, 2013 U.S. Dist. LEXIS 149016, at *7. Indeed, the Plaintiff has now been warned about the potential for dismissal at least three different times, with the first warning issued in March 2014. *See* Dkt. Nos. 44, 48, 49.

Further delays may also result in prejudice to the remaining Defendants. The events underlying this litigation occurred over *two decades ago*, Am. Compl. ¶¶ 22-27, and Plaintiff's failure to serve the State Defendants increases the likelihood that trial will be made more difficult or evidence will be lost. This factor supports dismissal. *See Ruzsa*, 520 F.3d at 177 (events occurred nearly thirteen years previously and further delay was likely to cause prejudice as the salient events receded even further into the past); *Lehman*, 2013 U.S. Dist. LEXIS 149016, at *7-8 (events occurred six years before dismissal); *Lynch*, 2009 U.S. Dist. LEXIS 31944, at *8-9; *Sanders*, 2008 U.S. Dist. LEXIS 40515, at *12-13 (finding delay unreasonable and presuming prejudice based on the delay).

As to the fourth factor, Plaintiff has been provided with numerous opportunities to participate in this litigation and has not taken them. His failure to provide the Court with a current address has resulted in many fruitless attempts to keep him apprised of developments in litigation he has neglected for nearly thirteen months. Moreover, Plaintiff has had "ample time to inform the Court that he stood ready to press his claim" but has not done so. *Ruzsa*, 520 F.3d at 177-78. However, the burdens imposed by Plaintiff's failure to participate have not been

onerous.  As a result, the Court finds this factor either points slightly in favor of dismissal or is neutral.  *See Lehman*, 2013 U.S. Dist. LEXIS 149016, at *8 (finding factor neutral for this reason); *Lynch*, 2009 U.S. Dist. LEXIS 31944, at *9; *Sanders*, 2008 U.S. Dist. LEXIS 40515, at *13-14 (finding this factor did not strongly weigh in favor of dismissal because the failure to prosecute was "silent and unobtrusive" rather than "vexatious and burdensome").

Finally, the Court is unconvinced that lesser sanctions are likely to prompt Plaintiff to comply.  First and foremost, the Plaintiff has been completely noncommunicative with the Court for over a year.  Second, the Plaintiff has failed to provide the Court with a current address at which to reach him despite repeated requests to do so.  Third, repeated threat of dismissal has not caused him to proceed with his claim.  *Ruzsa*, 520 F.3d at 178 (noting that it was unclear that a lesser sanction would have proved effective in light of failure to respond to a notice threatening dismissal); *Lehman*, 2013 U.S. Dist. LEXIS 149016, at *8-9 ("Lehman has still not responded to this Court's September 24 order to show cause, making it unclear how any sanction short of dismissal with prejudice would prove effective.").  Lesser sanctions are insufficient.

## III.  CONCLUSION

This action is dismissed, with prejudice, for failure to serve notice under Rule 4(m) and for failure to prosecute pursuant to Rule 41(b).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from its order would not be taken in good faith and, therefore, that in forma pauperis status is denied for the purpose of an appeal. See *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: December __, 2014

6

New York, New York

12/4/14

_____
ALISON J. NATHAN
United States District Judge

SO ORDERED.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: DEC 0 4 2014
DATE FILED:_____